UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ALISON J. LAURITA,**

    **Plaintiff,**

v.                                          CASE NO. 3:20-cv-00438-TJC-MCR

**CENTURION OF FLORIDA, LLC
and MHM HEALTH PROFESSIONALS,
LLC.,**

    **Defendants.**
_____/

## DECLARATION OF LISA LYNCH

1. I, Lisa Lynch, am of majority age, am competent to testify, and provide this Declaration based on my personal knowledge and my review of business records maintained by MHM Health Professionals, LLC ("MHMHP"),[1] in the ordinary course of business.

2. I am employed by MHMHP, a wholly-owned subsidiary of MHM Services, Inc. d/b/a Centurion Group, Inc. ("Centurion").

3. Since 2016, the Florida Department of Corrections has contracted with Centurion of Florida, LLC ("Centurion FL"), a wholly-owned subsidiary of Centurion, LLC, for the provision of medical care to over 80,000 inmates in forty correctional facilities throughout the State of Florida. Centurion subcontracts with MHMHP to provide healthcare staff pursuant to the Contract.

4. Since December 1, 2014, I have been employed with the Centurion organization within its Human Resources Department. I was hired as a Human Resources Business Partner

---

[1] MHMHP was converted from a corporation to a limited liability company effective December 31, 2018.

ACTIVE 54997418v2

**EXHIBIT A**

assigned to the Tennessee DOC program. On May 15, 2016, my responsibilities shifted from the Tennessee DOC program to the Florida DOC program and my title became Senior Human Resources Business Partner. On June 25, 2017, my title became and remains Florida Human Resources Manager.

5. My duties include the following: I am the direct Human Resources Department contact for MHMHP employees at Reception Medical Center, Union Correctional Institution, Florida State Prison, and Florida Regional Offices. I supervise three H.R. Administrators located in the Tallahassee Regional office and I oversee and manage three Human Resources Business Partners and one Associate HR Business Partner for four regions in Florida, which includes approximately 3,700 employees. I am responsible for overseeing, identifying, investigating, and resolving a full range of complex employee relations matters. I act as a liaison between MHMHP's corporate location and the facilities to ensure corporate departments and program operation practices are aligned with MHMHP's policies and procedures. I participate in, review, and approve employee disciplinary action and corrective action. I also review and approve leaves of absence.

6. As the Florida Human Resources Manager, I have access to records for all of MHMHP's employees in Florida, including time and attendance records, disciplinary records, and other records which may be maintained in an employee personnel file.

7. On January 8, 2019, I informed Alison Laurita that her Personal Leave of Absence had been exhausted.

8. As of March of 2019, Ms. Laurita had still not been released by her doctors and based on the restrictions provided by her doctors, she was unable to physically perform the job duties of an ARNP at MHMHP.

9. Ms. Laurita never provided any date when she could return to work.

10. I made the decision to terminate Ms. Laurita's employment because of her inability to return to work and so that her position could be filled.

11. On March 19, 2019, I told Ms. Laurita that she was terminated but eligible for rehire once she was able to return to work.

12. As of March 19, 2019, I had no knowledge of any complaints made by Ms. Laurita, including any complaints related to Dr. Alexis Figueroa or about sexual harassment.

13. I have never seen any written complaints from Ms. Laurita related to Dr. Alexis Figueroa or about sexual harassment while she was employed.

14. My decision to terminate Ms. Laurita was not because of any complaints she may have made.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2021.

*Lisa Lynch* (signature)
Lisa Lynch